IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Robert Harvie Payne, ) | |
| ) | Civil Action No. 6:12-cv-1347-DCN-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| SACDC Lucas and Charleston County, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the defendants' motion to dismiss for failure to state a claim (doc. 21). The plaintiff, a detainee at the Sheriff Al Cannon Detention Center proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. In his complaint (doc. 1), he alleges cruel and unusual punishment because he has been separated from the general population in solitary confinement.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff is currently confined in the detention center following his May 29, 2011, arrest for discharging a firearm, disorderly conduct, public intoxication, and indecent exposure. On August 6, 2012, the defendants filed a motion to dismiss for failure to state a claim. By order filed August 7, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his response in opposition to the defendants' motion to dismiss on September 13, 2012.

## APPLICABLE LAW AND ANALYSIS

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a court is charged with liberally construing a complaint filed by a pro se litigant to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean the court can ignore a clear failure to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted. Federal Rule of Civil Procedure 8(a) sets forth a liberal pleading standard, which requires only a " 'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a Rule 12(b)(6) motion to dismiss, the facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.' " *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Accordingly, a complaint does not require detailed facts; however, a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Claims concerning conditions of confinement imposed upon pretrial detainees are examined under the Due Process Clause of the Fourteenth Amendment as opposed to the cruel and unusual punishment prohibition of the Eighth Amendment, which applies

to convicted inmates. *Bell v. Wolfish*, 441 U.S. 520, 535–38 (1979). The Fourteenth Amendment proscribes punishment of a detainee prior to an adjudication of guilt, without due process of law. *Id*. "However, not every hardship encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992) (citing *Bell*, 441 U.S. at 537). "[T]he fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.' " *Bell*, 441 U.S. at 537. Therefore, "a court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose," *Id*. at 538, and in considering this issue, it is important to remember that "maintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Id*. at 546.

As a practical matter, the contours of pretrial detainees' rights under the Due Process Clause are coextensive with the Eighth Amendment protections applicable to convicted inmates. *See, e.g., Hill*, 979 F.2d at 991–92 (medical needs). The Fourth Circuit Court of Appeals has recognized that "not every hardship encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Id.* at 991 (citing *Bell*, 441 U.S. at 537). "In order to establish that a particular condition or restriction of detention constitutes constitutionally impermissible 'punishment' a detainee must show either 1) an 'expressed intent' to punish or 2) a lack of a reasonable relationship 'to a legitimate nonpunitive governmental objective, from which a punitive intent may be inferred.'" *Id.* (quoting *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir.1988)). In order for the condition of confinement to amount to punishment, the condition must be sufficiently serious such that it fails to meet the "minimal civilized measure of life's necessities." *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Additionally, the Supreme Court has recognized that

3

deference should be afforded to prison officials who make decisions regarding the day to day operations of prisons. *Thornburgh v. Abbott,* 490 U.S. 401, 407-408 (1989).

As argued by the defendants, although the plaintiff recites legal "catch-phrases" in his complaint, these are merely legal conclusions and not facts needed to support the plaintiff's claim for relief.  The complaint contains no "specific non-conclusory factual allegations" of an improper motive to punish on the part of officials at the detention center.  The act of placing a detainee in administrative segregation is not punitive *per se* because it is rationally connected to legitimate governmental objectives.  Courts have recognized that administrative separation or segregation may, for example, serve any number of the following legitimate interests—"to protect an inmate's safety, to protect other inmates from a particular inmate, to break up potentially disruptive groups of inmates, or simply to await later classification or transfer." *Phomphackdi v. Spartanburg County*, No. 9:05-3084, 2006 WL 4391127, at *8-9 (D.S.C. Nov. 20, 2006) (addressing a pretrial detainee's claim that being placed in administrative segregation for a period of eight months violated his rights and concluding that "[t]his type of confinement does not implicate any due process rights").  Here, the plaintiff has failed to allege factual content that allows the court to draw the reasonable inference that the defendants are liable for the misconduct alleged.

Moreover, the plaintiff has not pled that any practice, policy, or custom of defendant Charleston County created a constitutional violation in this case.  "In order to maintain a 42 U.S.C. § 1983 municipal liability claim, a plaintiff must affirmatively establish that the alleged constitutional violation was directly caused by an official practice, policy or custom of the municipality." *Allen v. Aiken County*, C.A. No. 4:08-2474-PMD, 2009 WL 1065406, at *3 (D.S.C. 2009) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 694, (1978)).  Further, the plaintiff's complaint is completely void of any specific "plausible facts" showing that defendant Lucas had any personal involvement in the claimed deprivations.  In fact, Lucas's name does not appear anywhere in the plaintiff's Statement

4

of Claim. Therefore, the plaintiff has not pled sufficient facts upon which relief can be granted as to the defendants Charleston County and Lucas.

Furthermore, under certain circumstances, a court may dismiss a "malicious" civil action. *See* 28 U.S.C. § 1915(e)(2)(B); *id.* at § 1915A(b). Repetitive and duplicative filings may rise to the level of maliciousness. *See Jones v. South Carolina*, C.A. No. 3:02–157–24BC, 2002 WL 32334394, at *1 (D.S.C. Sept.17, 2002). The plaintiff's claims in the instant lawsuit are virtually identical to a previous lawsuit filed by the plaintiff. *See Payne v. Fennell and Charleston County*, 6:12-262-DCN-KFM. In his amended complaint in that case, the plaintiff alleged that he had been held in solitary confinement since January 13, 2012.[1] *See id.*, doc. 14. In the instant case, he alleged that he has been held in solitary confinement since December 2011. In both of these lawsuits, the plaintiff alleged that his solitary confinement violated his constitutional rights as it was cruel and unusual punishment. The only additional allegation in the earlier-filed case was that the plaintiff had not been allowed to exercise. *Id.* The complaint in the earlier-filed case was filed on January 27, 2012. Instead of awaiting resolution of that lawsuit,[2] the plaintiff chose to file this lawsuit with the same or similar claims on May 24, 2012. Accordingly, the instant lawsuit is repetitive and should be considered a malicious civil action and dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B); *id.* at § 1915A(b).

The defendants further request that the dismissal of this action count as a strike. This court agrees. When a prisoner has on three or more prior occasions while in confinement brought an action or appeal in federal court that was dismissed because it was frivolous or malicious, or because it failed to state a claim upon which relief may be granted,

---

[1] In his original complaint in that case, the plaintiff alleged that he was first placed in solitary confinement on November 1, 2011. *Payne v. Fennell*, 6:12-cv-262-DCN-KFM, doc. 1.

[2] On August 2, 2012, the undersigned recommended that the defendants' motion to dismiss in the earlier-filed case be granted, and, on August 27, 2012, the Honorable David C. Norton, United States District Judge, adopted that report and dismissed the case. *Id.*, docs. 43, 46.

the prisoner is precluded from bringing another action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).  The plaintiff's complaint in this instance fails to state a claim for which relief can be granted and is also a duplicative lawsuit alleging the same claims as a prior lawsuit, thereby qualifying it as a "strike."

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, the motion to dismiss for failure to state a claim (doc. 21) should be granted *with prejudice* and should be counted as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald  
United States Magistrate Judge

November 26, 2012  
Greenville, South Carolina

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).